**UNITED STATES DISTRICT COURT**
**WESTERN OF TENNESSEE**

| | |
|---|---|
| Edna McMahon, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br><br><br><br><br>    -v.-<br><br>Halsted Financial Services, LLC,<br><br><br><br>             Defendant(s). | C.A. No: 2:23-cv-2029<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Edna McMahon (hereinafter "Plaintiff") brings this Class Action Complaint by and through her attorneys, against the Defendant Halsted Financial Services, LLC (hereinafter "Defendant" or " HFS"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

**INTRODUCTION**

1.      Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or the "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that

1

"'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as a substantial part of the events or omissions giving rise to the claims occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of Tennessee consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA, and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of Tennessee, County of Shelby.

8.      Defendant HFS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA with an address for service care of Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

9.      Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10.     Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.     The Class consists of:

    a.  all individuals with addresses in the State of Tennessee;

    b.  that received collection message(s) from the Defendant;

    c.  attempting to collect a consumer debt allegedly owed by a member of the individuals' family;

    d.  without direct permission to contact such individuals;

    e.  which message(s) were sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12.     The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect debts and/or has purchased debts.

13.     Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate

families, and legal counsel for all parties to this action, and all members of their immediate families.

14.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to family members of consumers, in the form attached as Exhibit A and without permission, violate 15 U.S.C. §§ 1692c, 1692d and/or 1692e.

15.     Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

16.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a.  **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b.  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to family members of

consumers, in the form attached as Exhibit A and without permission, violate 15

U.S.C. §§ 1692c, 1692d and/or 1692e.

c. **Typicality:** Plaintiff's claims are typical of the claims of the members of the

Plaintiff Class. Plaintiff and all members of the Plaintiff Class have claims arising

out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the

Plaintiff Class insofar as the Plaintiff has no interests that are averse to the absent

members of the Plaintiff Class. Plaintiff is committed to vigorously litigating this

matter. Plaintiff has also retained counsel experienced in handling consumer

lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor her

counsel, have any interests that might cause them not to vigorously pursue the

instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair

and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large

number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that

individual actions would engender.

17.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure

is also appropriate in that the questions of law and fact common to members of the Plaintiff

Class predominate over any questions affecting an individual member and in that a class action

is superior to other available methods for the fair and efficient adjudication of the controversy.

18.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19.     Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

20.     Some time prior to September 12, 2022, an obligation was allegedly incurred to Advance America.

21.     The Advance America obligation arose out of transactions which were primarily for personal, family or household purposes, specifically a Payday Loan.

22.     The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

23.     Advance America is a "creditor" as defined by 15 U.S.C. § 1692a(4).

24.     Upon information and belief, Advance America contracted with the Defendant to collect the alleged debt.

25.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

26.     Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

### *Violations – Collection Text Message*

27.     On or about September 12, 2022, Defendant sent the Plaintiff a collection text message (the "Message") regarding the alleged debt owed. (A true and accurate copy of the Message from the Defendant to the Plaintiff is attached hereto as Exhibit A.)

28.     The Message states that it is from a "debt collector" in "an attempt to collect a debt."

6

29.     The Message also sets forth that "[p]ayment options on your Advance America (Payday Loan) account are available 24/7…"

30.     However, Plaintiff does not owe a debt to Advance America.

31.     The alleged debt is purportedly owed by the Plaintiff's daughter.

32.     The Message was sent without the consent of the Plaintiff or the Plaintiff's daughter.

33.     Thus, the Message, *without consent*, seeks to collect the Plaintiff's daughter's alleged debt by impermissibly contacting the Plaintiff.

34.     Moreover, the Message does not fall under any exception to impermissible communications with third parties for the purpose of debt collection.

35.     Accordingly, the Message was intended to harass the Plaintiff.

36.     Additionally, the Message abused and embarrassed the Plaintiff.

37.     Because of the suspicious nature of the Message, Plaintiff suspected the Message might be fraudulent or suspect, in whole or in part.

38.     An impermissible communication with a third party is a quintessential example of an abusive attempt to collect a debt.

39.     Plaintiff was therefore unable to properly evaluate the demand for payment or how to address it.

40.     Because of the Defendant's improper acts, Plaintiff expended time and money in determining the proper course of action.

41.     She spent this trying to mitigate harm in the form of dominion and control over her funds.

42.     She spent this trying to determine if the Message was a scam.

43.     She spent this trying to mitigate the harm of the Defendant's negative credit information furnishment concerning the collection, and ultimate dissemination to third parties, to the financial and reputational detriment of the Plaintiff.

44.     Defendant's improper acts caused the Plaintiff to suffer reputational harm.

45.     Defendant's improper acts caused the Plaintiff to suffer emotional harm, including stress and embarrassment.

46.     Plaintiff's reputational and emotional harm manifested itself physically in the form of restlessness.

47.     Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

48.     The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

49.     As it relates to this case, the common-law analogues are to the traditional torts of negligent infliction of emotional distress, invasion of privacy, defamation and conversion.

50.     For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

51.     Plaintiff is entitled to receive proper notice of the debt, as required by the FDCPA.

52.     Defendant failed to effectively inform the Plaintiff of this information in violation of the law.

53.     These violations by Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid such violations.

54.     Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA

provides the Plaintiff with the legally protected right to not to be treated unfairly with respect to any action for the collection of any consumer debt.

55.     Defendant's violations with respect to its collection efforts were material violations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

56.     As a result of the Defendant's unfair, unconscionable, and harassing debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692c**
*et seq.*

57.     Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

58.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

59.     Pursuant to 15 U.S.C. §  1692c(b), "… without the prior consent of the consumer given directly to the debt collector… a debt collector may not communicate, in connection with the collection of any debt, with anyone other than the consumer…"

60.     Defendant violated § 1692c because the Message was sent to the Plaintiff without the Plaintiff or the Plaintiff's daughter's consent in an attempt to collect the alleged obligation.

61.     By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692c et seq. of the FDCPA, and that the Plaintiff is entitled to an award of actual damages, statutory damages, costs and attorneys' fees.

<u>COUNT II</u>
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692d *et seq.*

62.     Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

63.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

64.     Pursuant to 15 U.S.C. § 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

65.     Defendant violated this section by, as described above, sending a collection Message to the Plaintiff concerning her daughter's alleged debt, the natural (and actual) consequence of which was to harass and abuse the Plaintiff.

66.     By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692d et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

<u>COUNT III</u>
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

67.     Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

68.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

69.     Pursuant to 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.".

70.     Defendant violated this section by, as described above, sending a collection Message to the Plaintiff concerning her daughter's alleged debt, but claiming that the debt is "your[s]" in violation of  15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692e(10).

71.     By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

72.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Edna McMahon, individually and on behalf of all others similarly situated, demands judgment from the Defendant HFS as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2.     Awarding the Plaintiff and the Class statutory damages;

3.     Awarding the Plaintiff and the Class actual damages;

4.     Awarding the Plaintiff, the costs of this Action, including reasonable attorneys' fees and expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

6.     Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

12

January 20, 2023                              Respectfully Submitted,

                                             Stein Saks, PLLC

                                             /s/ Yaakov Saks
                                             Yaakov Saks, Esq.
                                             One University Plaza, Suite 620
                                             Hackensack, NJ 07601
                                             Phone: (201) 282-6500
                                             ysaks@SteinSaksLegal.com
                                             *Attorneys for Plaintiff*